**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHORE TO SHORE PROPERTIES, LLC and
S2S SUNSWEPT ASSOCIATES, LLC,

    Plaintiffs,

v.

ALLIED WORLD ASSURANCE,

    Defendants.

No. C 11-01512 JSW

**ORDER GRANTING MOTION TO TRANSFER VENUE**

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Transfer filed by Defendant, Allied World Assurance Company ("Allied"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS the motion.

## BACKGROUND

This case arises out of an insurance coverage dispute over damage that occurred to the Sunswept Apartments, which are located in Florissant, Missouri (the "Apartments"). (*See* Docket No. 17, Amended Complaint ("FAC") ¶¶ 1, 10.) Plaintiff S2S Sunswept Associates, LLC ("S2S") owns the Apartments. (*Id.* ¶¶ 1, 6.) According to the allegations in the FAC, S2S is a citizen of Delaware "with an address" in Sausalito, California. (*Id.* ¶ 2.) However, in response to an Order to Show Cause, Plaintiffs attest that the members of S2S are citizens of California, Colorado, Connecticut, and Pennsylvania. (Docket No. 34, Declaration of Patrick

1 Wabl ("Wabl OSC Decl."), ¶ 3.)

2 Similarly, according to the FAC, Plaintiff Shore to Shore Properties, LLC ("Shore to
3 Shore") is a citizen of Delaware and California, with a principal place of business in Sausalito,
4 California. (*Id.* ¶ 1.) However, in response to the Order to Show Cause, Plaintiffs attest that the
5 members of Shore to Shore are citizens of California. (Wabl OSC Decl., ¶ 2.) Shore to Shore
6 oversaw management and financial transactions for the Apartments, including managing the
7 insurance for the Apartments. (*Id.* ¶¶ 1, 6.)

8 Allied also is a citizen of Delaware, with a principal place of business in New York.
9 (Declaration of Keith C. Culley ("Culley Decl."), ¶ 3.) Allied issued an insurance policy (the
10 "Policy") to AREAC Prescott Portfolio, which has an address in Texas, for the period
11 September 29, 2009 to October 1, 2010. (Culley Decl., Ex. A.) According to Allied, the Policy
12 was "negotiated and brokered through a retail broker, Commercial Insurance Solutions Group,
13 LLC ("CISG") and a wholesale broker, Southwest Risk, LP ("Southwest")," both of which are
14 located in Dallas, Texas. (*Id.* ¶ 3-6, Ex. A; *see also* Declaration of Patrick Wabl in Opposition
15 to Motion to Transfer ("Wabl Opp. Decl."), ¶ 4.) It is undisputed that the Policy was intended
16 to cover the Apartments, although the parties dispute whether the loss at issue in this case is
17 covered.

18 Plaintiffs claim that the Apartments suffered water damage after pipes froze on January
19 15, 2010. Plaintiffs submitted a claim, through CISG, on or about August 31, 2010. (Culley
20 Decl., ¶ 9; Wabl. Decl., ¶ 10.) Allied investigated the claim. As part of its investigation, it
21 hired Engle Martin & Associates ("EMA"), which is located in St. Louis, Missouri. Allied also
22 has hired consultants located in New York and Wisconsin. (Culley Decl., ¶¶ 9-12; Declaration
23 of Alan C. Milstein ("Milstein Decl."), Ex. A.) According to Allied, the claims analyst
24 assigned to this claim is located in Allied's New York office, and its claim files are also located
25 in New York. Plaintiffs also have hired experts to conduct investigations, and those experts are
26 located in Texas and Ohio. (*Id.* ¶ 10; Wabl Decl., ¶ 15; Milstein Decl., Ex. C.)

27 On April 4, 2011, Keith Culley drafted and sent a letter to Patrick Wabl, in which he
28 advised Plaintiffs that Allied had decided to decline coverage. (Culley Decl., ¶ 13; Wabl Decl.,

2

¶ 1; Milstein Decl., Ex. B.) In their FAC, Plaintiffs assert claims against Allied for breach of contract and bad faith.

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.     Legal Standard for Motion to Transfer Venue.**

Allied moves to transfer this action to the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under Section 1404, the court must find that the transferee court is one where the action "might have been brought." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The parties agree that this action could have been brought in the Eastern District of Missouri. Thus, Allied has met its burden to establish the first prong. The Court also must find that the convenience of the parties and witnesses and the interest of justice favor transfer. *Id.*

**B.     The Convenience Factors Weigh in Favor of Granting Allied's Motion to Transfer.**

To determine whether Allied has met its burden to show that the convenience of the parties and witnesses favor transfer, the Court considers the following factors: (1) a plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to sources of proof; (4) local interest in the controversy; (5) familiarity of each forum with the applicable law; and (6) relative congestion in each forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

3

### 1. Plaintiffs' Choice of Forum.

Generally, a court should give deference to a plaintiff's choice of forum unless a defendant can show that other factors of convenience clearly favor a different forum. *See Decker Coal Co.*, 805 F.2d at 843. However, "in contrast to the strong presumption in favor of a domestic plaintiff's forum choice, 'a foreign plaintiff's choice deserves less deference.'" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). Moreover, a plaintiff's choice of forum is only entitled to minimal consideration when "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). As deference accorded to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Chodock v. American Economy Ins. Co.*, 2005 WL 2994451, *3 (D. Ariz. Nov. 7, 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987)).

In this case, Shore to Shore is a citizen of California. While least one member of S2S also is a citizen of California, its other members are non-citizens. The Court also considers whether California has a particular interest in the subject matter. Plaintiffs argue that they entered the insurance contract in California and, thus, the operative facts giving rise to the dispute occurred here. Plaintiffs also assert that when it denied their claim, Allied referred them to the California Department of Insurance if they wished to have that office review the claim. Allied, in turn, argues that because the Apartments are located in Missouri, and because the damage occurred in Missouri, California has no particular interest in the action.

If the parties' dispute only involved the proper interpretation of the policy, without reference to the events giving rise to the claim, the Court would find Plaintiffs' argument persuasive. The Court cannot ignore that Allied's decision to deny coverage is purportedly based on conditions at the Apartments and on conduct that may have occurred in Missouri. (*See* Declaration of Alan C. Milstein ("Milstein Decl."), Ex. B.) Thus, the Court cannot find that all of the operative facts occurred in California.

1    In sum, the Court will afford Plaintiffs' choice of forum some deference, but not the
2    substantial weight that would be afforded under a stronger showing of the parties' contacts with
3    this district, occurrence of operative facts in this district, or a particular interest in the parties or
4    subject matter in this district

### 2. Convenience of Parties and Witnesses.

Next, the Court takes into account the relative convenience to all the parties and their witnesses. *See Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). With respect to the parties, it this factor appears to weigh slightly against transfer, because some of the Plaintiffs and at least one of their key officers are citizens of California.[1]

With respect to witnesses, as the moving party, Allied "is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) (citation omitted). In support of its motion, Allied submits a list of witnesses it expects to call and none of those witnesses reside in California. (Culley Decl., ¶ 17.) Plaintiffs do not dispute that witnesses are located in California, New York, Wisconsin, New Jersey, Texas, Ohio and Missouri. (Wabl Opp. Decl. ¶ 15.)

"[T]he convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D. N.Y. 1990)) (internal quotation marks omitted). Further, convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal.1998). In addition, "[t]he convenience of expert witnesses ... is given little weight." *Willams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001) (citing *Promuto v. Waste Management, Inc.*, 44 F. Supp. 2d 628, 639-40 (S.D.N.Y. 1999)). Many of

---

[1] Allied also argues that Plaintiffs' lawyers are not located within this District. However, the convenience to plaintiffs' counsel is not entitled to any weight on a motion to transfer. *See, e.g.., San Francisco Technology, Inc. v. The Glad Products Co.*, 2010 WL 2943537, *9 (N.D. Cal. July 26, 2010) (citing *In re Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010)).

6

the witnesses on Allied's list either are party witnesses or are experts, and their convenience is entitled to less weight.

Plaintiffs contend that the importance of the proposed non-party witnesses located in Missouri is minimal. Although Plaintiffs do not bear burden the burden of proof on this motion, they have not rebutted Allied's showing by identifying any non-party witnesses who are located in California. Based on Allied's purported reasons for denying the claim, the Court cannot say the importance of the non-party witnesses is minimal.

The Court affords minimal weight to the location of party witnesses and experts. However, it also concludes that the importance of the non-party witnesses is more than minimal. Accordingly, the Court finds the Court finds this factor weighs in favor of transfer.

### 3. Ease of Access to Sources of Proof.

The Court also weighs the relative ease of access to sources of proof. *See Decker Coal Co.*, 805 F.2d at 843. Allied contends that the condition of the Apartments will be a key issue in this case and that the parties will need to conduct additional inspections of the Apartments. Allied also attests that documents in this case are located in St. Louis, New York and Wisconsin. (Culley Decl. ¶¶ 12, 18-20.) Plaintiffs again argue that because the operative facts of this case involve the alleged breach of the insurance policy, the only documents that matter are the files maintained by the parties. "With technological advances in document storage and retrieval, transporting documents generally does not create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). However, it appears that there are some documents that are held by non-party witnesses in Missouri.

On balance, the Court finds that this factor weighs in favor of transfer.

### 4. Local Interest in the Action.

The Ninth Circuit has directed courts to consider "the local interest in having localized controversies decided at home" when deciding whether a transfer of venue is appropriate. *Decker Coal*, 805 F.2d at 843 (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) (internal quotation marks omitted). Allied argues that because "it insured a Missouri risk, not a California risk," Missouri has a greater local interest in this action. Plaintiffs again argue that

7

1 this is a contract dispute arising out of a California contract, and therefore California has a greater interest in this action. The Court agrees with Plaintiffs that California does have an interest in protecting its citizens. *Cf. Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir. 1991) (finding that California has an interest in having its citizens compensated for torts committed against them).

However, the Court cannot find on this record that this is a purely localized controversy. As discussed above, it does not appear that this case revolves solely around the proper interpretation of the contract. Rather, the events giving rise to Plaintiffs' insurance claim, which occurred at the Apartments in Missouri, are vigorously contested. In addition, S2S, which actually owns the Apartments, is not solely a citizen of California.

At best, the Court finds this factor to be neutral.

### 5. Familiarity of the Forum with the Applicable Law.

Plaintiffs assert claims for breach of contract and bad faith and argue that California law will apply. Both parties agree that under California law a "contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. "A contract 'indicate[s] a place of performance' within the meaning of section 1646 if the contract expressly specifies a place of performance or if the intended place of performance can be gleaned from the nature of the contract and its surrounding circumstances." *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1443, 1450-51 (2007). Allied argues that Missouri law will apply, because the "place of performance" is in Missouri, where the Apartments - and thus the insured risk - are located. Plaintiffs maintain their position that California law will apply on the basis that the contract was made in California.

There are no express terms in the policy identifying the place of performance. (*See* Culley Decl., Ex. A.) Thus, resolution of this issue will depend on whether "the intended place of performance can be gleaned from the nature of the contract and its surrounding circumstances." *Frontier Oil*, 153 Cal. App. 4th at 1443. The *Frontier Oil* case involved a

8

dispute over a duty to defend, and the court concluded that because the parties specifically identified properties in California that were covered, "the parties anticipated that a suit arising from those operations ... could be prosecuted in California and that [defendant] would be obligated to provide a defense in California if the claims were potentially covered under the policy." *Id.* at 1462. In contrast, this case does not involve the duty to defend a lawsuit pending in Missouri. Moreover, the policy here appears to cover property in all 50 states. These facts may undermine Allied's argument that the location of the insured risk should be the most important factor in the "place of performance" analysis. *See Ameron Int'l Corp. v. American Home Assurance Co.*, 2011 WL 2261195, at *4-5 (C.D. Cal. June 6, 2011) (applying *Frontier Oil* and concluding that "*no* 'intended place of performance can be gleaned from the nature of the contract and its surrounding circumstances,'" where policies provided coverage for property damage taking place anywhere in the United States and did not have any other state specific provisions indicating place of performance and holding that California law applied because contract was made in California).

The Court concludes that the choice of law issue is not adequately briefed and, therefore, does not resolve this dispute. Because Allied has the burden on this motion, at best this factor is neutral.

### 6. Relative Congestion.

The relative docket congestion of the competing forums is also relevant to the Court's decision on whether to transfer. *See Decker Coal*, 805 F.2d at 843. This factor examines "whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). To measure congestion, courts compare the two fora's "median time from filing to disposition or trial." *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*, 472 F. Supp. 2d 1183-96 (S.D. Cal. 2007). Allied notes that the median time for disposition of a case in the Eastern District of Missouri is 6.8 months, where as the median time for disposition in this District is 8.4 months. Allied also contends that the judges in this District have over 100 more cases than judges in the Eastern District of Missouri. Plaintiffs do not dispute these statistics.

9

Although the difference between the mediation disposition times is not large, the Court concludes that this factor weighs slightly in favor of transfer.

**C.     The Interests of Justice Weigh in Favor of Granting Allied's Motion to Transfer.**

"In determining whether to transfer a case ... the district court must determine whether the 'interests of justice' dictate such a transfer." *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977). The interests of justice refer to "those public-interest factors of systemic integrity and fairness." *Stewart*, 487 U.S. at 30. These interests include "whether efficient and expeditious administration of justice would be furthered." *Sherar*, 561 F.2d at 794.

The Court finds that this action has been pending on the docket for approximately six months and no hearings or case management conferences have been held, so that the transfer will not result in a waste of judicial resources or unnecessary duplication of effort. Accordingly the Court concludes that litigating this case in the Eastern District of Missouri would promote the efficient and expeditious administration of justice.

## CONCLUSION

Because the Court concludes that Plaintiffs' choice of forum is not entitled to substantial weight, the Court concludes Allied has met its burden to show that transfer under Section 1404(a) is warranted. Accordingly, the Court GRANTS Allied's motion. The Clerk shall transfer this action to the Eastern District of Missouri forthwith and shall close this Court's file.

**IT IS SO ORDERED.**

Dated: September 15, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

10